10542                                                            SRM/LLS/bca

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PAUL RYERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Court No.: 01 C 5826 |
| | ) | |
| vs. | ) | Judge Holderman |
| | ) | |
| VILLAGE OF MELROSE PARK | ) | Magistrate Judge Keys |
| a municipal corporation, VITO SCAVO, | ) | |
| in his individual capacity, and MIGUEL | ) | |
| GALINDO, | ) | |
| Defendants. | ) | |

**DOCKETED JAN 0 3 2002**

**FILED DEC 2 8 2001**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
## FOR VIOLATIONS OF CONSTITUTIONAL AND STATE LAW RIGHTS

NOW COME Defendants, VILLAGE OF MELROSE PARK and VITO SCAVO, by and

through their attorneys, Stephen R. Miller and Laura L. Scarry of MYERS AND MILLER and

answer Plaintiff's Complaint for Violations of Constitutional and State Law Rights as follows:

### Introduction

1.      Plaintiff Paul Ryerson, a former Melrose Park Police Officer, brings this action for

deprivation of property without due process of law, deprivation of liberty without due process of law,

recission of resignation, malicious prosecution, breach of contract, and defamation.   Plaintiff

requests a trial by Jury.

**ANSWER:**    Defendants admit that plaintiff is bringing an action for the above-referenced

claims and that he requests a trial by jury; however, defendants deny that they violated any of

plaintiff's constitutional or state law rights.

## Jurisdiction

2.      Jurisdiction of this Court is provided by 28 U.S.C. § 1331, 1343 and 1367.

**ANSWER:**    Defendants admit that this Court has jurisdiction over this matter but deny

that they violated any of plaintiff's constitutional or state law rights.

3.      Venue is proper in this judicial district because all of the Defendants reside here and

the events occurred here.

**ANSWER:**    Defendants admit that venue is proper in this judicial district.

## The Parties

4.      Plaintiff Paul Ryerson resides in the Northern District of Illinois.

**ANSWER:**    Defendants are without sufficient knowledge to form a belief as to the truth of the

allegations in paragraph 4 and therefore deny said allegations in paragraph 4.

5.      Defendant Village of Melrose Park ("Village") is a municipality incorporated under

the laws of the State of Illinois.  Defendant Village operates the Melrose Park Police Department.

**ANSWER:**    Defendants admit the allegations in paragraph 5.

6.      Defendant Vito Scavo ("Scavo") is the Police Chief of the Village of Melrose Park.

He was Plaintiff's supervisor.  He is sued in his individual capacity.

**ANSWER:**    Defendants admit that Vito Scavo is the Police Chief of the Village of Melrose Park

and that he is sued in his individual capacity.  Defendants further admit that Vito Scavo is essentially

the supervisor for all of the police officers for the Village of Melrose Park, although not in the

immediate capacity.

7.      Defendant Miguel Galindo resides in the Northern District of Illinois.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the truth of the

2

allegations in paragraph 7 and therefore deny the allegations in paragraph 7.

8. Defendant Village of Melrose Park has employed Defendant Vito Scavo at all times material hereto. Defendant Village of Melrose Park is responsible for the acts of Defendant Vito Scavo while acting in the scope of his employment.

**ANSWER:** Defendants admit that the Village of Melrose Park has employed Defendant Vito Scavo at all times material hereto. Defendants move to strike the second sentence of paragraph 8 as it calls for a legal conclusion.

9. Defendants Village of Melrose Park and Vito Scavo have acted under color of state law at all material times.

**ANSWER:** Defendants admit the allegations in paragraph 9.

### Facts Upon Which Claims are Based

10. Plaintiff began working as a police officer for Defendant Village in 1980.

**ANSWER:** Defendants admit that Plaintiff began working as a police officer for Defendant Village around 1980.

11. Plaintiff performed his duties in a satisfactory manner.

**ANSWER:** Defendant denies the allegations in paragraph 11.

12. On March 10, 1999, Defendant Scavo ordered Plaintiff to drop driving tickets against an acquaintance of the Mayor of Defendant Village. Plaintiff refused, angering Defendant Scavo.

**ANSWER:** Defendants deny the allegations of paragraph 12.

13. On April 30, 1999, Plaintiff pulled over Defendant Galindo for lane straddling. Plaintiff learned that Defendant was driving with a suspended license.

**ANSWER:** Defendants admit that Plaintiff pulled over Defendant Galindo on April 30, 1999.

3

Defendants are without knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 13 and therefore deny said allegations in paragraph 13.

14.     On July 15, 1999, Defendant Galindo went to the Village police station to ask Plaintiff for information on getting his license reinstated. Plaintiff provided him with some information.

**ANSWER:**     Defendants admit that on July 15, 1999 Defendant Galindo was in the Village police station. Defendants are without knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 14 and therefore deny those allegations in paragraph 14.

15.     Later that day, Defendant Galindo accused Plaintiff of official misconduct.

**ANSWER:**     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 15 and therefore deny the allegations in paragraph 15.

16.     On July 28, 1999, Defendant Scavo suspended Plaintiff and demanded his resignation.

**ANSWER:**     Defendants deny the allegations in paragraph 16.

17.     Defendant Scavo threatened plaintiff with the loss of his job and other direct consequences if he fought the charge.

**ANSWER:**     Defendants deny the allegations paragraph 17.

18.     On July 30, 1999, Defendant Scavo reiterated his threats and stated, he had a "Chinaman's chance in hell of winning this case."

**ANSWER:**     Defendants deny the allegations in paragraph 18.

19.     On information and belief, the Police and Fire Board is a rubber stamp for the decisions of the Mayor and Police Chief.

4

**ANSWER:**     Defendants deny the allegations in paragraph 19.

20.     On July 31, 1999, Defendant Scavo told Plaintiff that Defendant Galindo would agree not to file criminal charges, and that the whole situation "goes away" if Plaintiff would resign.

**ANSWER:**     Defendants deny the allegations in paragraph 20.

21.     On August 5, 1999, Defendant Scavo gave Plaintiff Defendant Galindo's signed statement saying he would not file criminal charges. Defendant Scavo also stated "no criminal charges are going to be filed by the Chief or the Village of Melrose Park."

**ANSWER:**     Defendants deny the allegations in paragraph 21.

22.     On August 18, 1999, Defendant Scavo spoke with the press about the allegations against Plaintiff, and the story was aired on television.

**ANSWER:**     Defendants admit that the allegations against Plaintiff were aired on television. Defendants deny the remaining allegations in paragraph 22.

23.     On May 19, 2000, Plaintiff was indicted on charges of bribery and official misconduct

**ANSWER:.**     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 23 and therefore deny the allegations in paragraph 23.

24.     At trial, Defendants Village and Galindo testified against Plaintiff.

**ANSWER:**     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 24 and therefore deny the allegations in paragraph 24.

25.     On January 8, 2001, Plaintiff was acquitted of all charges.

**ANSWER:**     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 25 and therefore deny the allegations in paragraph 25.

5

## COUNT I
### (Deprivation of Property Without Due Process)

25.     Plaintiff restates and realleges herein by reference paragraphs 1 through 25.

**ANSWER:**     Defendants incorporate their answers in paragraphs 1 through 25 for their answer in paragraph 26.

26.     Defendants Scavo intentionally deprived Plaintiff of his employment as a police officer without due process of law. Plaintiff had a property right in his employment.

**ANSWER:**     Defendants deny the allegations in paragraph 27.

27.     The actions of Defendants Village and Scavo violated the 14th Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER:**     Defendants deny the allegations in paragraph 28.

28.     The actions of Defendants Village and Scavo caused Plaintiff great anguish, humiliation, pain and suffering, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**     Defendants deny the allegations in paragraph 29.

29.     The actions of Defendants Village and Scavo were intentional, wilful, and malicious and/or in reckless disregard for Plaintiff's rights.

**ANSWER:**     Defendants deny the allegations in paragraph 30.

30.     Wherefore Plaintiff respectfully requests:

      A.     Reinstatement;

      B.     Compensatory damages in excess of $50,000.00;

      C.     Punitive damages against Defendant Scavo;

      D.     Back pay and lost benefits;

6

   E.  Attorney's fees and costs; and

   F.  Such other relief as law and justice allow.

**ANSWER:**

  WHEREFORE, Defendants deny that Plaintiff is entitled to any judgement whatsoever against these defendants.

**COUNT II**
**(Deprivation of Liberty Without Due Process)**

  31.  Plaintiff restates and realleges herein by reference paragraphs 1 through 25.

**ANSWER:**  Defendants incorporate their answers in paragraphs 1 through 25 for their answer in paragraph 32.

  32.  Defendants Village and Scavo intentionally deprived Plaintiff of his liberty without due process of law by publicly disclosing information about Plaintiff and thereby affecting Plaintiff's reputation, causing Plaintiff a loss of other employment opportunities.

**ANSWER:**  Defendants deny the allegations in paragraph 33.

  33.  The actions of Defendants Village and Scavo violated the 14th Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER:**  Defendants deny the allegations in paragraph 34.

  34.  The actions of Defendants Village and Scavo caused Plaintiff great anguish, humiliation, pain and suffering, inconvenience, and other consequential damages.

**ANSWER:**  Defendants deny the allegations in paragraph 35.

  35.  The actions of Defendants Village and Scavo were intentional, wilful, and malicious and/or reckless disregard for Plaintiff's rights.

**ANSWER:**  Defendants deny the allegations in paragraph 36.

7

36.     Wherefore Plaintiff respectfully requests:

     A.     Compensatory damages in excess of $50,000.00;

     B.     Punitive damages against Defendant Scavo;

     C.     Back pay and lost benefits;

     D.     Attorney's fees and costs; and

     E.     Such other relief as law and justice allow.

**ANSWER:**

WHEREFORE, Defendants deny that Plaintiff is entitled to any judgment whatsoever against these defendants.

### COUNT III
### (Recission of Resignation)

37.     Plaintiff restates and realleges herein by reference paragraphs 1 through 25.

**ANSWER:**     Defendants incorporate their answers in paragraphs 1 through 25 for their answer in paragraph 38.

38.     Defendants Village and Scavo intentionally coerced Plaintiff into resigning his employment.

**ANSWER:**     Defendants deny the allegations in paragraph 39.

39.     The actions of Defendants Village and Scavo violated state law.

**ANSWER:**     Defendants deny the allegations in paragraph 40.

40.     The actions of Defendants Village and Scavo caused Plaintiff great anguish, humiliation, pain and suffering, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**     Defendants deny the allegations in paragraph 41.

8

41.     The actions of Defendants Village and Scavo were intentional, wilful, and malicious and/or in reckless disregard for Plaintiff's rights.

**ANSWER:**     Defendants deny the allegations in paragraph 42.

42.     Wherefore Plaintiff respectfully requests:

      A.     Reinstatement;

      B.     Compensatory damages in excess of $50,000.00;

      C.     Punitive damages against Defendant Scavo;

      D.     Back pay and lost benefits;

      E.     Such other relief as law and justice allow.

**ANSWER:**

WHEREFORE, Defendants deny that Plaintiff is entitled to any judgment whatsoever against these defendants.

## COUNT IV
### (Malicious Persecution)

43.     Plaintiff restates and realleges herein by reference paragraphs 1 through 25.

**ANSWER:**     Defendants incorporate their answers in paragraphs 1 through 25 for their answer in paragraph 44.

44.     Defendants Village, Scavo, and Galindo intentionally pursued criminal proceedings against Plaintiff without probable cause and with malice, causing damage to Plaintiff. The proceedings terminated in Plaintiff's favor.

**ANSWER:**     Defendants deny the allegations in paragraph 45.

45.     The actions of Defendants Village, Scavo and Galindo violated state law.

**ANSWER:**     Defendants deny the allegations in paragraph 46.

9

46.    The actions of Defendants Village, Scavo and Galindo caused Plaintiff great anguish, humiliation, pain and suffering, inconvenience, and other consequential damages.

**ANSWER:**    Defendants deny the allegations in paragraph 47.

47.    The actions of Defendants Village, Scavo and Galindo were intentional, wilful, and malicious and/or in reckless disregard for Plaintiff's rights.

**ANSWER:**    Defendants deny the allegations in paragraph 48.

48.    Wherefore Plaintiff respectfully requests:

   A.    Compensatory damages in excess of $50,000.00;

   B.    Punitive damages against Defendants Scavo and Galindo; and

   C.    Such other relief as law and justice allow.

**ANSWER:**

WHEREFORE, Defendants deny that Plaintiff is entitled to any judgment whatsoever against these defendants.

### COUNT V
### (Breach of Contract)

49.    Plaintiff restates and realleges herein by reference paragraphs 1 through 25.

**ANSWER:**    Defendants incorporate their answers in paragraphs 1 through 25 for their answer in paragraph 50.

50.    Defendants Village and Scavo breached their agreement that no action would be taken against Plaintiff if he resigned.

**ANSWER:**    Defendants deny the allegations in paragraph 51.

51.    The actions of Defendants Village and Scavo violated state law.

**ANSWER:**    Defendants deny the allegations in paragraph 52.

52.     The actions of Defendants Village and Scavo caused Plaintiff great anguish, humiliation, pain and suffering, inconvenience, and other consequential damages.

**ANSWER:**     Defendants deny the allegations in paragraph 53.

53.     The actions of Defendants Village and Scavo were intentional, wilful, and malicious and/or in reckless disregard for Plaintiff's rights.

**ANSWER:**     Defendants deny the allegations in paragraph 54.

54.     Wherefore Plaintiff respectfully requests:

    A.     Compensatory damages in excess of $50,000.00;

    B.     Punitive damages against Defendants Scavo and Galindo; and

    C.     Such other relief as law and justice will allow.

**ANSWER:**

WHEREFORE, Defendants deny that Plaintiff is entitled to any judgment whatsoever against these defendants.

### COUNT VI
### (Defamation)

55.     Plaintiff restates and realleges herein by reference paragraphs 1 through 25.

**ANSWER:**     Defendants incorporate their answers in paragraphs 1 through 25 for their answer in paragraph 56.

56.     Defendants Galindo & Scavo falsely accused Plaintiff of committing crimes.

**ANSWER:**     Defendants deny the allegations in paragraph 57.

57.     The actions of Defendants Galindo and Scavo violated state law.

**ANSWER:**     Defendants deny the allegations in paragraph 58.

58.     The actions of Defendants Galindo and Scavo caused Plaintiff great anguish,

11

humiliation, pain and suffering, inconvenience, and other consequential damages.

**ANSWER:**    Defendants deny the allegations in paragraph 59.

59.    The actions of Defendants Galindo and Scavo were intentional, wilful, and malicious

and/or in reckless disregard for Plaintiff's rights.

**ANSWER:**    Defendants deny the allegations in paragraph 60.

60.    Wherefore Plaintiff respectfully requests:

A.    Compensatory damages in excess of $50,000.00;

B.    Punitive damages against Defendants Galindo and Scavo; and

C.    Such other relief as law and justice allow.

**ANSWER:**

WHEREFORE, Defendants deny that Plaintiff is entitled to any judgment whatsoever against

these defendants.

Respectfully submitted,

VILLAGE OF MELROSE PARK and
VITO SCAVO

By: *Laura L. Scarry*
One of Defendants' Attorneys

Stephen R. Miller  (6182908)
Laura L. Scarry (6231266)
**MYERS & MILLER**
111 West Washington Street
Suite 1247
Chicago, Illinois 60602
(312)345-7250
FAX: (312)345-7251

10542                                                              SRM/LLS/bca

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PAUL RYERSON,                              )
                                           )
      Plaintiff,                   )
                                           )
      vs.                          )       Court No. 01 C 5826
                                           )
VILLAGE OF MELROSE PARK                    )       Judge Holderman
a municipal corporation, VITO SCAVO,       )
in his individual capacity, and MIGUEL     )       Magistrate Judge Keys
GALINDO                                    )
                                           )
      Defendant,                   )

**NOTICE OF FILING**

**FILED**

DEC 2 8 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:    Edward T. Stein
        **Law Office of Edward T. Stein**
        200 South Michigan Ave.
        Suite 1240
        Chicago, IL 60604

      **PLEASE TAKE NOTICE** that we have on this day filed with in the United States District Court for the Northern District of Illinois, Eastern Division, the **Defendants' Answer to Plaintiff's Complaint for Violations of Constitutional and State Law Rights, Defendants' Affirmative Defenses and Affidavit of Compliance with Rule 39.** A true and correct copy of same is attached hereto and hereby served upon you.

DATED: December 28, 2001

DOCKETED

JAN 0 3 2002

                        By: *Laura L. Scarry*
                          **MYERS & MILLER**

Stephen R. Miller  (6182908)
Laura L. Scarry (6231266)
**MYERS & MILLER**
111 West Washington Street
Suite 1247
Chicago, Illinois  60602
(312) 345-7250

## CERTIFICATE OF SERVICE

I, Beverly Ashton, a non-attorney, certify that a copy of the **Defendants' Answer to Plaintiff's Complaint for Violations of Constitutional and State Law Rights, Defendants' Affirmative Defenses and Affidavit of Compliance with Rule 39** was served upon the attorneys of record by mailing a copy thereof to each person to whom it is directed at the address(es) stated by depositing same in the United States Mail chute with proper postage prepaid at 111 West Washington Street, Suite 1247, Chicago, IL, on or before 5:00 p.m. on December 28, 2001.

SUBSCRIBED and SWORN to before me
this 28th day of December, 2001

NOTARY PUBLIC

OFFICIAL SEAL
REBECCA COSTELLO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-25-2004